IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MICHAEL J. YOUNG, JR., # 35851, | ) Civil Action No. 3:08-1702-RBH-JRM |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| NOLE S. DOW, INVESTIGATOR; AND | ) |
| CITY OF COLUMBIA POLICE DEPARTMENT, | ) |
| Defendants. | ) |

Plaintiff filed this action on April 24, 2008.[1] He appears to assert claims under 42 U.S.C. § 1983 ("§ 1983") and claims under South Carolina law. Plaintiff is a pretrial detainee at the Lexington County Detention Center. Defendants are the City of Columbia Police Department ("CCPD") and Nole Dow, a police officer with the CCPD. On August 28 and September 12, 2008, Defendants filed motions to compel discovery. Defendants filed a motion to dismiss and/or for summary judgment on October 20, 2008. Plaintiff, because he is proceeding pro se, was advised on October 21, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion to dismiss and/or for summary judgment could result in the dismissal of his action. Plaintiff filed a response on December 15, 2008.

## DISCUSSION

At the time of the alleged incidents, Plaintiff and his wife, Shaunna Bell ("Bell") were apparently experiencing some marital difficulties. On May 21, 2007, Defendant Dow was assigned to investigate harassment charges filed by Shaunna Bell related to contacts with her at her place of

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(e) DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the court.

employment at Columbiana Mall in Columbia, South Carolina.  Plaintiff alleges that on approximately June 6, 2007, Investigator Dow falsely charged and arrested him on the charge of stalking.  He claims that after his arrest, Investigator Dow and other members of the City of Columbia Police Department violated his rights by taking his car which contained some valuable personal property.  Plaintiff was released on bond ($50,000 bond).  On June 13, 2007, Robert Bell[2] was killed and Shaunna Bell was injured.  Plaintiff was arrested on charges of murder (Robert Bell) and attempted murder (Shaunna Bell).  See Dow Aff. and Exhibits to Defendants' Motion for Summary Judgment (Incident Reports, Shaunna Bell Statements, Arrest Warrants).  Plaintiff claims that Dow violated his constitutional rights during the murder investigation by verbally threatening and physically intimidating him.[3]  The charges of murder, attempted murder, and stalking are pending.

Defendant CCPD contends that it should be dismissed as a party to this action because it is not a "person" subject to liability under § 1983 and it cannot be held liable on a theory of respondeat superior.  Defendants argue that Plaintiff's claims for alienation of affection and his property claims should be dismissed.  Additionally, Defendants argue that this action should be dismissed for Plaintiff's failure to cooperate with discovery.

### 1. **CCPD**

The CCPD contends that it is not a legal entity or person amenable to suit under 42 U.S.C. § 1983.  Buildings, walls, and fences do not act under color of state law.  See Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin

---

[2]Robert Bell was Shaunna Bell's father and Plaintiff's father-in-law.

[3]Defendants claim that Plaintiff confessed to murdering Robert Bell.

Prison not "person[s]" subject to suit under § 1983).  Buildings and correctional institutions, like sheriff's departments and police departments, are not usually considered legal entities subject to suit. See, e.g., Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985)(Denver Police Department not a separate suable entity), vacating and remanding for consideration of mootness, 475 U.S. 1138 (1986); Post v. City of Fort Lauderdale, 750 F. Supp. 1131 (S.D.Fla. 1990); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D.Ga. 1984); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989)(§ 1983 claims are directed at "persons" and a jail is clearly not a person amenable to suit).  Hence, the CCPD is not a "person" subject to suit under § 1983.

### 2.     Alienation of Affection Claims

Plaintiff appears to allege a claim under South Carolina law for alienation of affection. Defendants contend that this claim should be dismissed because (1) South Carolina has abolished this cause of action, (2) Plaintiff has presented no support for his allegations except his own personal accusations and claims, (3) Defendants have produced two sworn statements by Shaunna Bell which confirm that Plaintiff was using threats and coercion against her and her family and makes no reference or claim to being intimidated or coerced by Dow or other CCPD employees, and (4) Defendants are entitled to qualified immunity.

South Carolina has abolished all claims for alienation of affection.  See Russo v. Sutton, 422 S.E.2d 750 (S.C. 1992)("[A]bolishing the 'heart balm' tort of alienation of affections for causes of action accruing after [September 1992]).  Thus, Plaintiff's claim for alienation of affection should be dismissed.

### 3.     Property Claims

Plaintiff appears to assert § 1983 property claims. He alleges that Defendant Dow and other employees of the City of Columbia improperly allowed a third-party to take his automobile containing his personal property. Defendants contend that Plaintiff fails to show that this violated his constitutional rights, as the allegedly deprived automobile did not belong to Plaintiff; the car was given to Shaunna Bell, the car's owner, such that any claim for conversion or taking related to the personal property lies solely against her and not Defendants; Shaunna Bell acknowledges taking possession of Plaintiff's personal items and returning them to him; and dismissal of the claim is also warranted because the South Carolina Tort Claims Act provides for redress of the negligent acts of a governmental employee for a claim of this nature.

Summary judgment should be granted to Defendants as to Plaintiff's property claims. Records maintained by the Department of Motor Vehicles indicate that the car belonged to Bell. See Defendants' Motion for Summary Judgment, Ex. H. Dow states that Bell gave permission to search the vehicle after Plaintiff's arrest and that he seized handgun ammunition, but no other property. He turned over the automobile, along with the property located in the vehicle, to Shaunna Bell. Dow Aff. In his opposition memorandum, Plaintiff appears to admit that the vehicle was not titled in his name, but that it should not have been taken from him because he and Shaunna Bell had an arrangement where he paid for part of the expenses of the vehicle. He also claims that his personal property was not returned by Shauna Bell. Thus, it appears that Plaintiff's property disputes lie with Shauna Bell, not Defendants.

Further, in the case of an unauthorized intentional property deprivation, no due process claim arises unless or until the state fails or refuses to provide a suitable post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). The Fourth Circuit has held that a district court should deny

4

relief under section 1983 if state law provides a viable remedy for personal property loss, even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of the state. Yates v. Jamison, 782 F.2d 1182, 1183-84 (4th Cir.1986). It has been held that claims related to personal property are cognizable under South Carolina state law. See McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir.1986). Here, even if Plaintiff has alleged an unauthorized intentional property deprivation, he fails to show a constitutional violation because he has a meaningful post-deprivation for his alleged loss under South Carolina law.

### 4.    **False Arrest/Coerced Interrogation/Discovery Sanctions**

Plaintiff appears to allege claims under § 1983 for false arrest (as to the stalking charge) and coerced interrogation (which appears to be a Fifth Amendment claim as to the murder charge). Defendants contend that Plaintiff's § 1983 claims should be stayed until Plaintiff's pending state criminal charges are resolved. They also argue for discovery sanctions, including dismissal of this action.

Defendants contend that this action should be dismissed as a discovery sanction for Plaintiff's failure to cooperate with discovery[4] because Plaintiff appears to invoke his Fifth Amendment right against self incrimination in an attempt to avoid discovery and a party cannot use a Fifth Amendment privilege to thwart discovery where the party has chosen to sue. Defendants argue that dismissal is

---

[4] Defendants served Plaintiff with discovery requests (interrogatories and requests for admission) on August 4, 2008. On August 28, 2008, Defendants filed a motion to compel. They request that the Court order Plaintiff to make direct answers to certain of the requests because Plaintiff merely wrote that Defendants should contact his criminal attorney. On September 12, 2008, Defendants filed a second motion to compel. They state that Plaintiff failed to respond to their interrogatories. On September 20, 2008, Plaintiff objected to answering Plaintiff's requests for admissions because they pertain to a pending criminal case in which he is a defendant, the requests are not relevant to this action, and ordering him to answer would deprive him of his Fifth Amendment rights.

the appropriate sanction for Plaintiff's failure to answer discovery and that other remedies are ineffective to protect their rights.  Alternatively they argue that other remedies should be imposed including allowing an adverse inference to be drawn from Plaintiff's assertion of the Fifth Amendment privilege, refusing to allow Plaintiff to testify at the trial of his civil case, and/or staying this action until Plaintiff's pending state criminal charges are resolved.  Plaintiff argues that dismissal is too harsh a sanction, as he is just trying to protect his Fifth Amendment rights and states that he "wouldn't disagree with a stay...."  Plaintiff's Opp. Mem. At 7.

Defendants also contend that Plaintiff's allegations concerning coerced interrogation and false arrest should be stayed under the Younger[5] abstention doctrine until the pending state criminal charges are completed.  They argue that allegations of false arrest (as to the stalking charge) and violation of rights against self-incrimination (as to the murder charge) are not ripe until the prosecution of the matter is resolved.

In Wallace v. Kato, 549 U.S. 384 (2007), the United States Supreme Court held that where a Plaintiff files a false arrest claim before he has been convicted of a charge, "it is within the power of the District Court, and in accord with common practice, to stay the civil action until the criminal case... is ended."  Id., at 393-394; see also Wehling v. Columbia Broad. Sys., 608 F.2d 1084, 1088-1089 (5th Cir. 1979)(holding that the district court abused its discretion in declining to stay a civil libel action where the plaintiff had validly claimed his Fifth Amendment privilege in response to the defendant's discovery requests and where there was a pending, related criminal investigation). Here, a stay of this case would be a more appropriate remedy for Plaintiff's failure to cooperate in

---

[5]Younger v. Harris, 401 U.S. 37 (1971).

discovery. Further, a stay of this case (as to the remaining § 1983 claims) will allow Plaintiff to pursue these claims in the event that he is successful in his defense of his criminal charges.[6]

## CONCLUSION

Based on review of the record, it is recommended that Defendants' motion to dismiss and/or for summary judgment (Doc. 26) be **granted** in part and **denied** in part. Specifically, it is recommended that Plaintiff's § 1983 claims against CCPD be dismissed, Plaintiff's claim for alienation of affection be dismissed, Defendants be granted summary judgment as to Plaintiff's property claims, Defendants' motion to dismiss this action as a sanction for Plaintiff's failure to cooperate with discovery be denied, and this action be stayed as to Plaintiff's remaining § 1983 claims (false arrest and coerced interrogation) during the pendency of Plaintiff's criminal (stalking, murder, and attempted murder) proceedings. It is also recommended that Defendants' motions to compel (Docs. 20 and 22) be **denied** with the right of Defendants to refile these motions, if necessary, after the stay is lifted.

Joseph R. McCrorey
United States Magistrate Judge

February 12, 2009
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[6] In the event Plaintiff is convicted of the charges, Heck v. Humphrey, 512 U.S. 477 (1994) may require dismissal of Plaintiff's claims.

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).